UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER STEIN,

                Petitioner,              Case No.  2:16-cv-13087
                                                    Hon. Arthur J. Tarnow

v.

TONY TRIERWEILER,

                Respondent.
_____/

**ORDER GRANTING MOTION TO STAY PROCEEDINGS [Dkt. 3]**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Roger Stein ("Petitioner") was convicted in the Jackson Circuit Court of first-degree murder and related firearm offenses for which he serving a mandatory life sentence. Petitioner's habeas application raises seven claims: (1) the trial court erroneously denied Petitioner's motion for a continuance to produce a key witness, (2) counsel was ineffective for opening the door to admission of evidence of Petitioner's prior offenses, (3) counsel was ineffective for failing to present an alibi defense, (4) insufficient evidence was presented at trial to sustain Petitioner's convictions, (5) the trial court systematically excluded African-Americans from the jury panel, (6) the prosecutor suppressed exculpatory evidence, and (7) appellate counsel was ineffective for failing to present claims four, five, and six on direct appeal.

Presently before the Court is Petitioner's motion to stay the petition (dkt. 3) so that he can exhaust his state court remedies with respect to his fourth through seventh claims.

**I. Background**

Petitioner claims that following his conviction and sentence he filed a direct appeal in the Michigan Court of Appeals. His appellate brief raised what now form his first through third habeas claims. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *People v. Stein*, No. 314482 (Mich. Ct. App. Feb. 3, 2015). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied the application on September 9, 2015. *People v. Stein*, No. 151335 (Mich. Sup. Ct. Sept. 9, 2015).

Petitioner states that on September 9, 2016, he filed a motion for relief from judgment in the trial court raising what now forms his fourth through seventh habeas claims. The trial court has not yet ruled on the motion for relief from judgment. Petitioner requests that his habeas petition to be stayed and held in abeyance pending exhaustion of his state court remedies with respect to these claims.

## II. Discussion

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. See *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); see also *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.

2006) (citing *McMeans*). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

A federal district court has discretion to stay a petition raising unexhausted claims to allow a petitioner to present those claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In the pending case, Petitioner's unexhausted claims do not appear to be plainly meritless, and he does not appear to be engaged in dilatory litigation tactics. He alleges good cause for not previously exhausting his new claims because he asserts his appellate counsel was ineffective for failing to raise them during his direct appeal. Petitioner notes that he filed his motion for relief from judgment with only three months remaining on the one-year statute of limitations. Dismissal of this case while Petitioner completes exhaustion of his claims could therefore result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). The Court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner completes exhaustion of his state

remedies.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing a timely appeal in the state court of his motion for relief from judgment, and then returning to federal court within sixty (60) days of completing the exhaustion of his state post-conviction remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay [Dkt. 3] is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state post-conviction review proceedings. This tolling is conditioned upon Petitioner timely appealing the denial of his motion for relief from judgment and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F.

Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Arthur J. Tarnow  
Arthur J. Tarnow  
United States District Court

Dated: August 29, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2016.

s/Deborah Tofil  
Case Manager