UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER STEIN,

                    Petitioner,              Case No. 2:16-cv-13087
                                           Hon. Arthur J. Tarnow

v.

TONY TRIERWEILER,

                    Respondent.
_____/

## ORDER GRANTING MOTION TO HOLD HABEAS PETITION IN ABEYANCE (Dkt. 13) AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Roger Stein ("Petitioner") was convicted in the Jackson Circuit Court of first-degree murder and related firearm offenses for which he is serving a mandatory life sentence. Among the claims raised in the initial habeas petition, Petitioner asserts that his trial counsel was ineffective for failing to call Phillip Sango as an alibi witness at trial.

Following Petitioner's conviction, his appellate counsel filed a motion for new trial that argued in part that his trial counsel should have called Sango at trial. A hearing was held in the state trial court on the motion for new trial December 3, 2013, at which Petitioner and his trial counsel testified. A second hearing date was held on March 10, 2014, at which Petitioner hoped to call Sango as a witness. Unfortunately, Sango was murdered on December 22, 2013. Petitioner asserts in his present motion for a stay that he had hoped to testify at the hearing that prosecution witness Winston Russell was responsible for Sango's murder, but when his appellate counsel started to explore this

avenue during Petitioner's testimony, the prosecutor's objections were sustained. See Dkt. 10-8, at 14.

Along with his initial habeas petition, Petitioner filed a first motion to stay the case so that among other claims, he could exhaust a claim that his appellate counsel was ineffective in the manner he dealt with Sango's murder during the motion for new trial hearing. The Court granted the motion, and after Petitioner exhausted his state court remedies the case was reopened. See Dkts. 5 and 6.

Petitioner filed his present motion to stay the case on October 22, 2019. He asserts that he learned after he completed state post-conviction review that Winston Russell has since been arrested for Sango's murder. The allegation is supported by a newspaper clipping stating as much. See Dkt. 13, Exhibit B.

Winston Russell was a key prosecution witness at Petitioner's murder trial. He testified at trial that he saw Petitioner murder the victim. See Dkt. 10-3, at 166-169. If it is true that Russell murdered Petitioner's alibi witness between the two hearing dates on Petitioner's motion for new trial, such a fact suggests the existence of additional viable unexhausted post-conviction claims.

A federal habeas petitioner must first exhaust all available remedies in state court. 28 U.S.C. § 2254(b). A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would

be a proper exercise of discretion.") (citations omitted). *Rhines* held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id*. at 278.

Here, a dismissal of the petition on exhaustion grounds may create difficulties for Petitioner with respect to the one-year statute of limitations. Petitioner alleges good cause for not previously raising new claims regarding Sango's murder in the state courts as Russell was not charged with Sango's murder until after Petitioner completed his first state post-conviction review proceeding. The Court notes that Michigan Court Rule 6.508(G)(2) allows a defendant to file a successive motion for relief from judgment on "a claim of new evidence that was not discovered before the first such motion." Claims arising out of Russell's murder of Sango, if indeed that allegation is true, would not be plainly meritless. Finally, it does not appear that Petitioner is engaged in intentionally dilatory tactics.

Accordingly, the Court holds the petition in abeyance. Petitioner must exhaust any new claims arising out of the allegation that Winston Russell murdered Phillip Sango in state court by filing a motion for relief from judgment in the Jackson Circuit Court within 60 days of the date of this order, and then if it is denied, he must file timely appeals in the

Michigan Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, he must ask this Court to lift the stay within 60 days of exhausting his state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).


_s/Arthur J. Tarnow_____
Arthur J. Tarnow
United States District Court

Dated: January 29, 2020__